UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELLIOT M. HIRSCH,

                Plaintiff,

    -against-

JAY R. BUTTERMAN,

                Defendant.

22-CV-8093 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff Elliot Hirsch, of Oakhurst, New Jersey, brings this action *pro se*, invoking the Court's diversity jurisdiction, 28 U.S.C. § 1332. He asserts claims of intentional infliction of emotional distress, defamation, and violations of Judiciary Law § 487. This is one of many actions that Plaintiff has filed, in this district and others, arising from his divorce proceedings pending in Kings County, New York. Some of the prior actions are, like this one, against his wife's divorce attorney, Jay Butterman.[1]

    For the following reasons, the Court transfers this action to the United States District Court for the Eastern District of New York.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any

---

[1] *See Hirsch v. Butterman*, No. 22-CV-7897 (S.D.N.Y.) (naming wife and Butterman as defendants); *Hirsch v. Kairey*, No. 22-CV-5064 (E.D.N.Y.) (naming wife and Butterman as defendants); *Hirsch v. Beda*, No. 22-CV-5011 (E.D.N.Y.) (naming wife as a defendant); *Hirsch v. Beda*, No. 21-CV-12246 (D.N.J. Aug. 23, 2022) (transferred).

> defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and an "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction for the civil action. 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges, "upon information and belief," that Defendant Butterman resides in Manhattan. (ECF 2 at 2). If so, venue would be proper under Section 1391(b)(1) because New York County is within this judicial district. 28 U.S.C. § 112(b).

Plaintiff asserts claims arising from Butterman's actions in the divorce proceedings in the New York Supreme Court, Kings County, including his statements in an affirmation submitted on September 19, 2022, and his statements at oral argument on September 20, 2022. Because Plaintiff's claims thus arose in substantial part in Kings County, New York, under Section 1391(b)(2), venue is proper in the Eastern District of New York. *See* 28 U.S.C. § 112(c) (Kings County is within Eastern District of New York).

Even when an action is filed in a jurisdiction where venue is proper, under 28 U.S.C. § 1404(a), a district court may transfer an action to any other district court where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). Courts consider the following to determine whether transfer is appropriate: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the

totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under Section 1404(a), transfer to the Eastern District of New York appears to be appropriate in this case. The underlying events occurred in the course of divorce proceedings in Kings County, and it is reasonable to expect that relevant documents and witnesses would be in that district. Plaintiff's choice of this forum is entitled to less deference because he does not live in this district, and the operative events occurred largely outside this district. The Eastern District of New York, where Plaintiff has other potentially related matters pending, appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Eastern District of New York. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes the action in the Southern District of New York.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   September 22, 0222
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge